Good morning, Your Honors. My name is Sean Sedigat. I represent the Petitioner in this case. I believe the issues surrounding this case are whether the application was filed within the one year that You indicated in your motion that you had been able to get in touch with your client. Have you done that yet? I have, Your Honor. I actually, let me back up a little bit. Having received a notice from the court scheduling today's date, I tried to reach the Petitioner, as I had for a number of months, telephonically, and the numbers were not available. After the court denied the motion to take this off calendar, I actually sent somebody from my office knocking on doors. I found out that Mr. Manasyan had basically been in the abyss of a depression because he had lost one son, unrelated to the issues of this case. And he had been out of touch with my office. He's here in the country, and he's very much interested in pursuing this case. Okay. Thank you. No problem. Your Honor, I believe that the issues are two, basically. Whether this case was filed, the asylum application was filed within the one-year deadline, and if not, whether there was an individualized determination of reasonableness based on Huseyev for extraordinary circumstances. The Petitioner arrived in the United States on April 9th of 2001. He had a valid visitor's visa until October 8th, 2001, and he mailed out his asylum application on April 9th. The Petitioner contends that this case has issues similar to that which was presented in Lagandon, and I believe Your Honor was the judge who wrote the opinion in that case, but with significant differences. In Lagandon, the Court found that the case was congruent to Griffith v. Bogert, which is an 1855 case, I believe, whereas the term Minnesotco was included. We believe that that case did not refute the possibility that there are certain cases where the day itself should not be included. The statute says one year after the date of the alien's arrival, so it says specifically that the day of the alien's arrival doesn't count. It's a year after that date. Yes. And that's basically the crux of our argument, Your Honor. You basically take it away 10 years from now. So you take Lagandonian and you start one day after the date of the alien's arrival. Precisely, Your Honor. And based on that, we believe he's filed on time. There are other sections, not to argue the obvious at this point, but there's other sections of the Act where they use the word of and from, which connotes emanating from that date. They want that date to be included. For instance, filing an application 30 days from the judge's decision. But in this case, they clearly mention after the date of arrival, date being a unit of time by itself. They're clearly saying something that succeeds or is past that date. Based on that, I believe that the Respondent or the Petitioner, I'm sorry, has filed the application within the one-year deadline. And that's the way, in terms of calculating due dates, we always do it in the Federal courts, right? That's the way this Court does it. The Federal Rules of Civil Procedure do it. And they all use the same language, after the date. That's correct, Your Honor. Based on that, I believe that he has filed on time. And the judge also made another mistake. Not only she didn't look at this fact, she didn't make an individualized determination of reasonableness, albeit that's based on the new Hussayev case, which made that clear in 2008, and this decision was, I believe, in 2004 or 2005. But on page 114 or 115 of her decision, she actually says looking at the one-year statute strictly, whereas Hussayev clearly indicates that there has to be a determination of reasonableness in this case. Thank you. Good morning, Your Honors. May it please Court, Margaret O'Donnell for the Attorney General of the United States. The only issue before this Court is whether or not the Board abused its discretion in determining that. Abuse of discretion, as I understand the Supreme Court law, means a legal error. Well, this Court has also described it as a decision that is irrational, contrary to law. Contrary to law. Yes. That's the legal error. Yes. Okay. So now the question is what after a year after the date, whatever the language was, after a year, we have one year after the date. Where is that language here? If I may, may I help you, Your Honor? Yes. Are you talking about the language in the statute? Yes. That says it runs from a date certain to the date before that date the following year. That's not what it says. This statute says has been filed within one year after the date of the alien's arrival in the United States. Langdonian was different. It was being someplace continuously for a year. That's correct. It wasn't measuring the due date of something. It was measuring how long is a year. This is measuring we now know how long is a year. It's 365 days. That's correct. But starting when, right? This one says when, after the date. Not that date. The date after. And the Federal rules are very, use the same language and explain very clearly what it means. And the FRAP uses the same language and explains very clearly what it means. And when petitions for review are due in this Court, that is the basis on which they're calculated. Right? We don't say, when we say 30 days, we don't, if something is filed, if the BIA decision was on January 1st, when is something due? On the 30th or the 31st? If the January 1st is the date of the decision. Right. It's due 30 days from that date. Which is when? It would be the 31st. Exactly. So that's why he's right, right? I would like to say that he's not right. I would like to say that. Why? Well, aren't you just going to cede error in this case? I think my mortgage precludes me doing that, Your Honor. Well, why isn't the government conceding error? I mean, you're plainly wrong. We always calculate time that way, and the statute says so. And the rules of appellate procedure and civil procedure say exclude the day of the act, event, or default that begins the period. And they say that applies to any rule, local rule, court order, or applicable statute. We're going back to the federal rules that run also? Well, we're going back to the language of Mangadon and going, reaching back to the  But Mangadon is telling you how long a year is. It doesn't tell you when it starts. That's correct, Your Honor. That's correct, Your Honor. And the federal rules say quite explicitly for any statute, exclude the day of the act that begins the period. And then if that's the calculation, then the date that the date. You exclude the day he arrived. Then we would begin counting on April 10th. The next day. 2001, and it would be due on April 9th. The word after has a certain meaning. Following, subsequent to, et cetera. I mean, if you use the plain meaning of the word, it's good enough, isn't it? I would think so, Your Honor. Moreover, Langdonian has a footnote that says this as well, i.e., when you're calculating dates for due dates in court, it doesn't necessarily operate otherwise or cannot operate otherwise depending on the statute. And the statute says so. So you really shouldn't be here, is the bottom line. Well, there were other issues in the case regarding the extraordinary circumstances and the exhaustion. What other issues are there in the case? The extraordinary circumstances. But they're not relevant. If he's timely, he's timely. That's correct. But there's also the withholding and the cap. Well, he's late on that. He's late. I mean, he didn't exhaust. He's late. Well, then. Have a nice day. I thank you for your time. Thank you both. The case just arguably submitted. Thank you, Your Honor.
judges: Reinhardt, Berzon, Miner